**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

WILLIAM TODD LARIMORE,

       Petitioner,

v.                                            Case No. 3:14-cv-660-J-32JBT

SECRETARY, FLA. DEP'T OF
CHILDREN AND FAMILIES, et al.,

       Respondents.
_____

## ORDER

### I. Status

Petitioner initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. 1) (Petition). His Petition is supported by a Memorandum of Law (Doc. 2). He is challenging his "indefinite involuntary civil commitment" as a sexually violent predator pursuant to Florida's Jimmy Ryce Act (JRA), Florida Statutes §§ 394.910, et seq. Respondents filed an Answer to the Habeas Petition (Doc. 19) (Answer)[1] and Petitioner filed a Reply (Doc. 20). The case is ripe for review.[2]

---

[1] The Court cites to the exhibits attached to the Answer as "Ex."

[2] "In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing." Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318 (11th Cir. 2016) (citing Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011)). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual

## II. Procedural History

In March 2011, Petitioner pled guilty to two counts of failure to comply with sexual offender requirements and one count of unlawful use of drivers license or identification. See State of Florida v. Larimore, Nos. 16-2010-CF-012946-AXXX-MA, 16-2010-CF-012905-AXXX-MA (Fla. 4th Cir. Ct.). He was sentenced to 18 months imprisonment. During his term of imprisonment, in August 2011, the State filed a petition to have him declared a sexually violent predator under the JRA (the JRA petition). Ex. B.

Petitioner filed a motion to dismiss the JRA petition, which the circuit court denied. Ex. B at 125. Petitioner then filed a petition for writ of prohibition in the First District Court of Appeal (DCA). Ex. A at 1-11. His arguments were based on two legal theories: res judicata and collateral estoppel. See id. On November 29, 2011, the First DCA denied the petition on the merits, and on January 6, 2012, issued an opinion that provides some helpful procedural history and context for the instant claim. See id. at 12-18.

> William Todd Larimore petitions the court for prohibition relief, contending that the circuit court erred in denying his motion to dismiss a pending petition seeking his involuntary commitment as a sexually violent predator under the Jimmy Ryce Act . . . .
>
> In brief, Larimore entered pleas in 1991 to charges of lewd and lascivious acts on a child. While he was still in the custody of the Department of Corrections, the state filed a petition with the circuit court in 2004 seeking to have Larimore involuntarily committed pursuant to the Ryce Act. In Larimore v. State, 2 So. 3d 101 (Fla. 2008), however, the supreme court

---

allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Schriro, 550 U.S. at 474. The pertinent facts of this case are fully developed in the record before the Court. Because this Court can "adequately assess [Petitioner's] claim without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing will not be conducted.

2

held that a jurisdictional prerequisite to a viable cause of action for commitment under the Ryce Act is that the individual be in lawful custody when the state initiates commitment proceedings. Finding under the unique facts described in its opinion that Larimore was not in lawful custody when the commitment proceeding was commenced, the [supreme] court concluded that the circuit court lacked jurisdiction to adjudicate the commitment petition before it. The court thus held as follows:

> Because Larimore was not in legal custody when initial steps were taken to initiate civil commitment proceedings against him in this case, the state's commitment petition is hereby dismissed with prejudice and Larimore shall be immediately released from any custody or commitment imposed as a result of the Jimmy Ryce Act proceedings that are the subject of this decision.

Larimore was released from custody, but was later charged with new offenses, pled guilty and was sentenced to a term of imprisonment.[3] As a consequence he once again finds himself in the custody of the Department of Corrections. In a July 2011 letter, the Sexually Violent Predator Program's Multidisciplinary Team found based on its review (which included clinical evaluations conducted in May and June 2011 in which Larimore refused to participate) that petitioner meets the criteria to be considered a sexually violent predator and recommended that a petition seeking his commitment under the Ryce Act be filed. Larimore moved to dismiss the new petition, arguing that principles of res judicata and collateral estoppel barred the state from proceeding on the new petition. Following a brief hearing, the trial court denied the motion to dismiss, finding that the dismissal of the 2004 petition was not a decision on the merits of whether Larimore was a sexually violent predator, and the state was therefore not barred from proceeding on the new petition.

---

[3] These "new offenses" were the two counts of failure to comply with sexual offender requirements and one count of unlawful use of drivers license or identification. See State of Florida v. Larimore, Nos. 16-2010-CF-012946-AXXX-MA, 16-2010-CF-012905-AXXX-MA (Fla. 4th Cir. Ct.).

Id. at 14-15. The First DCA concluded that the "circuit court properly denied Larimore's motion to dismiss." Id. at 18.

Petitioner proceeded to trial, at the conclusion of which on February 29, 2012, the jury unanimously found him to be a sexually violent predator pursuant to the JRA. Ex. E at 540. Petitioner appealed, and his counsel filed an Anders[4] brief. Ex. H. Although counsel summarized the facts and presented some arguments relating to the trial, counsel concluded that "no good faith argument" could be made on appeal. Id. at 42. Notably, however, counsel asserted that but for Petitioner's designation as a sexually violent predator under the JRA, Petitioner otherwise does not qualify for the sexual predator designation under section 775.21, Florida Statutes (The Florida Sexual Predators Act). Ex. H at 39. Counsel recognized that "a person may be committed under the Ryce Act without otherwise qualifying for the sexual predator designation." Id. Counsel requested that the court "review whether the Ryce Act was constitutional as applied to [Petitioner]." Id. at 41. Petitioner filed a pro se brief, but the brief is not part of this Court's record. On November 19, 2013, the First DCA per curiam affirmed without the entry of a written opinion, and the mandate issued on December 17, 2013. Ex. I.

### III. Analysis

Petitioner challenges his civil commitment on one ground. He claims that he "is being unlawfully detained in civil detention under the Florida Sexual Predator Act." He argues that his convictions do not qualify as sexually violent crimes and thus, his civil detention is unlawful and violates his due process rights. He asserts that he raised this claim in a writ of

---

[4] Anders v. California, 386 U.S. 738 (1967)

prohibition filed in the First DCA in November 2011 and through a notice of tort claim filed in the state circuit court in December 2013.[5]

Respondents briefly argue that the Petition is untimely because "the last appellate decision which expressly reached the merits of any claims was the First DCA's 2012 decision" denying Petitioner's writ of prohibition. Answer at 6. Respondents do not address statutory or equitable tolling. Respondents also "assume, without agreeing, that an <u>Anders</u> brief could be the vehicle to fairly present and exhaust a federal claim." <u>Id.</u> at 6 n.4. Respondents do not address the pro se initial brief that was filed after counsel's <u>Anders</u> brief. <u>See</u> <u>Larimore v. State of Florida</u>, 1D12-5635 (Fla. 1st DCA). While Respondents' timeliness and exhaustion arguments may be meritorious, the Court will address the substance of the claim.

The purpose of a federal habeas proceeding is to review the lawfulness of Petitioner's custody to determine whether that custody is "in violation of the Constitution or laws or treaties of the United States." <u>Coleman v. Thompson</u>, 501 U.S. 722, 730 (1991). "[Q]uestions of state law rarely raise issues of federal constitutional significance and, therefore, '[a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.'" <u>Sneed v. Fla. Dep't of Corr.</u>, 496 F. App'x 20, 24-25 (11th Cir. 2012) (quoting <u>Carrizales v. Wainwright</u>, 699 F.2d 1053, 1055 (11th Cir. 1983)). To the extent Petitioner is seeking to have this Court interpret state law, this Court cannot do so on habeas review.

---

[5] Petitioner's Notice of Tort Claim is attached to his Petition. <u>See</u> Doc. 1-9 at 8-19. Such a notice is not a proper way to exhaust his state court remedies prior to filing a habeas case.

5

Nevertheless, assuming the claim raised is timely filed, sufficiently exhausted, and presents a claim of federal constitutional dimension, the claim is without merit. Petitioner relies on Therrien v. State, 914 So. 2d 942 (Fla. 2005), to argue that he cannot be designated as a sexually violent predator because his lewd and lascivious convictions were not qualifying offenses under the Florida Sexual Predators Act at the time of his sentencing. While that is true, his reliance on Therrien is misplaced. In Therrien, the Florida Supreme Court concluded that the Florida Sexual Predators Act did "not authorize imposition of a sexual predator designation on a defendant based on a predicate offense that did not qualify the defendant for sexual predator status at the time of sentencing." Id. at 944. However, to be civilly committed under the JRA, Petitioner need not be designated a sexually violent predator at the time of sentencing. See Petitioner's counsel's Anders brief (Ex. H at 39) (stating, "This case demonstrates that a person may be committed under the Ryce Act without otherwise qualifying for the sexual predator designation.").[6]

The JRA defines "[s]exually violent predator" as any person who "[h]as been convicted of a sexually violent offense" and who "[s]uffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment." Fla. Stat. § 394.912(10). A conviction for "[l]ewd, lascivious, or indecent assault or act upon or in presence of the child in violation of s[ection] 800.04" qualifies as a "[s]exually violent offense." Id. § 394.912(9)(e).[7]

---

[6] The JRA and the Florida Sexual Predators Act serve different purposes: the JRA is a civil statute and the Florida Sexual Predators Act is a criminal statute.

[7] This definition was the same in August 2011, when the state filed the JRA petition, as it is today.

6

Even though Petitioner's lewd and lascivious convictions were prior to the enactment of the JRA, the convictions may still qualify under the JRA; and the fact that Petitioner was in custody on a non-sexually violent offense at the time the JRA petition was filed does not change the result. See Ward v. State, 986 So. 2d 479, 483 (Fla. 2008) (recognizing that a person may be civilly committed under the JRA if they are in custody, regardless of whether their current custody is based on a sexually violent offense, and they have "at some point in the past . . . been convicted of a sexually violent offense"). Petitioner's argument has no merit.[8]

To the extent Petitioner argues that the JRA violates "double jeopardy," his assertion is incorrect. The JRA is a civil act–not criminal. See Selig v. Young, 531 U.S. 250, 267 (2001) ("An Act, found to be civil, cannot be deemed punitive 'as applied' to a single individual in violation of the Double Jeopardy and Ex Post Facto Clauses and provide cause for release"); Kansas v. Hendricks, 521 U.S. 346 (1997); Westerheide v. State, 831 So. 2d 93 (Fla. 2002).

It is

**ORDERED**:

1. The Petition (Doc. 1) is **DENIED** and this case is **DISMISSED with prejudice**.

2. The Clerk shall enter judgment denying the Petition and dismissing this case with prejudice and close the file.

---

[8] To the extent Petitioner argues that he should have never been required to register as a sex offender, he is no longer "in custody" on that conviction, and he did not file a direct appeal or any state court postconviction motions challenging that conviction. See State of Florida v. Larimore, Nos. 16-2010-CF-012946-AXXX-MA (Fla. 4th Cir. Ct.)

7

3. If Petitioner appeals the denial of the Petition, the Court denies a certificate of appealability.[9] Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of August, 2017.

TIMOTHY J. CORRIGAN
United States District Judge

JAX-3 7/7
c:
William Todd Larimore
Counsel of Record

---

[9] This Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), "or that the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting Slack, 529 U.S. at 484). "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. However, "[w]hen the district court denies a habeas petition on procedural grounds . . . a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. After consideration of the record as a whole, the Court will deny a certificate of appealability.